### PETTEE v. PETTEE.

(*Supreme Court, General Term, Third Department.*   June 1, 1892.)

TEMPORARY ALIMONY AND EXPENSES—ALLOWANCE—DISCRETION OF COURT.

Though in an action for divorce defendant, by her verified answer and petition for temporary alimony and expenses, denies the charges of adultery, still, the

affidavits used by plaintiff on the motion tending strongly to prove the adultery, denial of an allowance will not be considered an abuse of the court's discretion authorized by Code Civil Proc. § 1769, though the circumstances of the alleged adultery suggest conspiracy and connivance on the part of plaintiff.

Appeal from special term, Warren county.

Action by Frank H. Pettee against Mary H. Pettee for divorce. From an order denying defendant temporary alimony and an allowance, she appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Waldo & McLaughlin*, (*Chester B. McLaughlin*, of counsel,) for appellant. *S. H. Bevins*, (*Francis A. Smith*, of counsel,) for respondent.

MAYHAM, P. J. The complaint in this action on information and belief charges the defendant with various acts of adultery. The answer denies the acts of adultery charged, and is duly verified. The verified petition denies the adultery charged, and sets up the financial ability of the plaintiff to pay alimony, and her own absolute impecuniousness, neither of which is denied by the plaintiff. The affidavits of the plaintiff used on this motion tend strongly to prove the adultery charged, and detail circumstances, which, if true, cannot well be reconciled with the innocence of the defendant. The circumstances set forth in these affidavits are not denied, but the defendant, in an answering affidavit filed by permission of the court, reiterates her denial of adultery. But it is urged by the defendant that the affidavits on the part of the plaintiff prove too much, and that, while they tend to establish the guilt of the defendant, they also tend to establish conspiracy and connivance on the part of the plaintiff; that the fact that all the alleged adulterous intercourse was at the house of the plaintiff's mother, where the defendant visited with the consent of the plaintiff, after he had his suspicions aroused by information of the alleged suspicious intimacy between the defendant and the alleged co-respondent, coupled with the fact that all or nearly all of the affiants are near relatives of the plaintiff, are circumstances of suspicion that justify the court in requiring the payment of alimony and expense money, so that the question may be tried upon the oral evidence of witnesses, and not upon the affidavits alone. While these suggestions are not without some force, yet the fact remains that the learned judge at special term, after carefully considering all the questions involved, reached a conclusion, in the exercise of his judicial discretion, that this was not a proper case for the allowance of alimony or expenses. The granting or refusing an allowance of alimony and expenses during pendency of the action of divorce rests in the sound discretion of the court at special term, and the exercise of that discretion will not be interfered with on appeal, unless it has been clearly abused. Section 1769 provides that the court may, in its discretion, during the pendency of the action, make and modify an order or orders requiring the husband to pay any sum or sums necessary to enable the wife to carry on or defend the action. It is true that in general, if a wife who is sued for a divorce in her answer either denies her guilt or sets up affirmative defenses, such as forgiveness or recrimination, counsel fee and alimony will be allowed her, unless the court is satisfied that she is altogether in the wrong, or has no reasonable ground of defense, (*Clark* v. *Clark*, 7 Rob. [N. Y.] 284; *Starkweather* v. *Starkweather*, 29 Hun, 490;) but, when the special term reaches that conclusion from evidence which may reasonably justify it, the appellate court should not interfere with the exercise of such discretion. We cannot see that the discretion was abused in this case, and think the order should be affirmed. Order affirmed, without costs. All concur.